### 35163. SIMMONS *v.* PEEK.

GARDNER, P. J. 1. We shall call Golden T. Peek the plaintiff. In the Civil Court of Fulton County, he sued Samuel Simmons, whom we shall call the defendant. The suit was to recover damages by reason of a collision at the intersection of Ellis Street and Magnolia Street. The jury returned a verdict for the plaintiff, and the defendant applied for certiorari to the superior court. The application was granted. On the hearing the writ was overruled and dismissed. On this judgment the defendant assigns error.

2. The only question here is, did the evidence sustain the verdict? The

plaintiff contends and introduced evidence in support of the contention that he was driving on Ellis Street and came to a stop sign, which he observed before entering Magnolia Street; that he was driving his own car when he entered the intersection, and was across the center line of Magnolia Street, and the defendant was operating his car on Magnolia Street at an unlawful speed of forty or forty-five miles per hour (the lawful speed being not in excess of twenty-five miles per hour); that the defendant struck the car of the plaintiff on the right side near the fender, and damaged it to the extent of over $300. The jury were authorized to find that the collision was occasioned by the negligence of the defendant, and that his negligence was the proximate cause of the collision. The defendant contends that the plaintiff drove out into Magnolia Street directly in the path of the defendant's car, and that, when the defendant observed the plaintiff's car, he was too close to it to apply his brakes; the defendant contending that, under the law and the city ordinance, he being to the right of the plaintiff, the defendant had the right of way. This presented a question purely of fact for the jury to determine. The jury resolved the issue in favor of the plaintiff against the defendant. This court is without authority of law to reverse the case.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MAY 12, 1954.

*Dunaway & Embry, James M. Embry,* for plaintiff in error.
*Richard R. McCauley,* contra.